UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL ABREU-VALENTIN, et al., | |
| Plaintiffs, | Civil No. 12-1053 (JAF) |
| v. | |
| SA JULIO ECHEVARRÍA, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Before the court is Defendants' motion to dismiss. (Docket No. 11.) Defendants' motion is unopposed. Plaintiffs brought this lawsuit against Defendants alleging violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution. (Docket No. 1.)

**I.**

**Factual and Procedural History**

On January 25, 2012, Plaintiffs filed their complaint. (Docket No. 1.) Plaintiffs allege violations of various laws and damages, including violations of 20 U.S.C. § 0170; the Administrative Procedures Act; and the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. (Docket No. 1 at 5-6.) A careful reading of the threadbare account articulated in their complaint seems to indicate that the thrust of Plaintiffs' complaint revolves around the falsification of student files by high-ranking members of a federal law enforcement agency. (Docket No. 1 at 4-5.) Defendants filed a motion to dismiss on August 8, 2012. (Docket No. 11.) The Plaintiffs failed to file a brief in response to the Defendants' motion to dismiss within the fourteen days allotted by

Civil No. 12-1053 (JAF)                                                          -2-

Local Rule 7.[1]  Additionally, Plaintiffs failed to effect proper service on the named parties. Normally, we would direct Plaintiffs to perfect service of summons—especially because they are *pro se*—but we decline to do so because we think it would be futile.

## II.

## Legal Standard for a Motion to Dismiss

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp v. Twombly, 550 U.S. 544, X (2009). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. A court must draw all reasonable inferences in favor of the non-moving party and accept all well-pleaded facts in the complaint as true. Sanchez v. Pereira-Castillo, 590 F.3d 31, 36 (1st Cir. 2009).

### A.  Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In assessing this motion, we "accept[ ] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering a complaint's adequacy, we disregard "statements in the complaint that merely offer

---

[1] United States District Court for the District of Puerto Rico, Local Rule 7(b): (b) Objection to Motions. Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection. Any objection shall include citations and supporting authorities and affidavits and other documents setting forth or evidencing facts on which the objection is based. Objections to motions filed during trial will not be deemed waived pursuant to this rule.

Civil No. 12-1053 (JAF)                                                                                                      -3-

legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks omitted). We then take as true what remains, "[n]onconclusory factual allegations ... even if seemingly incredible." Id. On the basis of those properly-pled facts, we assess the "reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.[2]

### III.

### Analysis

Movants contend that we should dismiss this complaint for Plaintiffs' failure to allege any actionable claim. (Docket No. 11.) We agree.

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559).

Plaintiffs assert several injuries. Plaintiffs allege a "conspiracy" amongst the U.S. Department of Education and the FBI to deprive Plaintiffs of "their main source of income." (Docket No. 1 at 4.) Plaintiffs allege that individual law enforcement agents assisted an agent of the Office of the Inspector General in falsifying and distorting school records in a "plot against…our family and our business." (Docket No. 1 at 4.) However, Plaintiffs fail to provide any well-pleaded set of facts that show that they are entitled to relief. See Penalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir.2011) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

---

[2] Because Plaintiffs appear pro se, we construe their pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiffs pro-se status does not excuse them from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Civil No. 12-1053 (JAF) -4-

Even under the "liberal reading" we have given Plaintiffs' complaint, see Rodi, 389 F.3d at 13, we are unable to divine a claim for relief that is "plausible on its face." Lass v. Bank of America, N.A., 695 F.3d 129, 140 (1st Cir. 2012) (quoting Iqbal, 556 U.S. at 678 (2009)). When assessing the sufficiency of a complaint, courts must distinguish between well-pleaded facts and "bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like," taking into account the former and disregarding the latter. Aulson v. Blanchard, 83 F.3d 1, 2 (1st Cir. 1996). When we perform this assessment, we find the complaint entirely insufficient.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendants' motion to dismiss. A separate judgment will be entered accordingly dismissing the federal law claims with prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of November, 2012.

              s/José Antonio Fusté
              JOSE ANTONIO FUSTE
              United States District Judge